UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-0843 FMO (MANx) | Date | May 9, 2014 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Nelly Esther Domenack, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:**     (In Chambers) Order Remanding Action

On April 29, 2014, defendant Nelly Esther Domenack ("defendant"), having been sued by Federal National Mortgage Association, a/k/a Fannie Mae ("plaintiff") in what appears to be a routine unlawful detainer action in California state court, (see, generally, Notice of Removal ("NOR"), Exhibit ("Exh.") A ("Complaint")), filed a NOR of that action on federal question grounds pursuant to 28 U.S.C. §§ 1331 and 1441.  (See NOR at ¶ 3).

Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c);[1] Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks and citations omitted).  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See id. ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Here, review of the Notice of Removal and the attached state court complaint makes clear that this court does not have federal question jurisdiction over the instant matter.  Plaintiff could

---

[1] Title 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-0843 FMO (MANx) | Date | May 9, 2014 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Nelly Esther Domenack, et al. | | |

not have brought this action in federal court, since plaintiff does not competently allege facts supplying federal question, and therefore, removal was improper. See 28 U.S.C. §§ 1441(a);[2] Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

There is no basis for federal question jurisdiction, as the Complaint filed in state court contains a single cause of action for unlawful detainer. (See, generally, Complaint). The Complaint discloses no federal statutory or constitutional question. (See, generally, id.); see Wescom Credit Union v. Dudley, 2010 WL 4916578, *2 (C.D. Cal. 2010) ("An unlawful detainer action does not arise under federal law."); Indymac Fed. Bank., F.S.B. v. Ocampo, 2010 WL 234828, *2 (C.D. Cal. 2010) ("No federal claim is alleged in the Complaint," where "[t]he Complaint contains a single cause of action for unlawful detainer.").

Further, there is no merit to defendant's contention that federal question jurisdiction exists because "Plaintiff's claim is based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201 [("PTFA")]." (NOR at ¶ 7). The PTFA does not create a private right of action; rather, it provides a defense to state law unlawful detainer actions. See Logan v. U.S. Bank Nat. Ass'n, 722 F.3d 1163, 1165 (9th Cir. 2013) (affirming dismissal of the complaint because the PTFA "does not create a private right of action allowing [plaintiff] to enforce its requirements"); accord Wescom, 2010 WL 4916578, at *2 ("The PTFA's provisions requiring that notice be given ninety days in advance and preventing termination of a bona fide lease unless a purchaser will occupy the unit as a primary residence, see P.L. No. 111-22 § 702(a)(2)(A), offer [defendant] a federal defense to an unlawful detainer action where the plaintiff fails to comply with these requirements. A federal defense, however, does not support federal-question jurisdiction."). It is well-settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430. Thus, to the extent defendant's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. See id. Therefore, there is no basis for federal question jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or**

---

[2] Title 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-0843 FMO (MANx) | Date | May 9, 2014 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Nelly Esther Domenack, et al. | | |

**submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of San Bernardino, 17780 Arrow Blvd., Fontana, California 92335, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | vdr |